IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALBERT L. SCOTT and LAVERNE SCOTT,
his wife,

        Plaintiff(s),

07cv1690
**ELECTRONICALLY FILED**

   v.

DUQUESNE LIGHT COMPANY,

        Defendant(s).

## Memorandum Order

This is a negligence action. Plaintiff, Albert Scott (and his wife Laverne Scott), allege that Mr. Scott was exposed to asbestos-containing products during his employment from 1941 through 1985 with defendant, Duquesne Light. The complaint in this action was originally filed by plaintiff in the Court of Common Pleas of Washington County, Pennsylvania, but defendant filed a notice of removal to this Court alleging *inter alia* that because plaintiff testified in another case that he worked for the Shippingport Power Station, a station which was "sponsored" or "operated" by the federal government and is not a party to this action, that defendant is entitled to a government contractor defense to this action. Defendant sought removal of this action on the basis of 28 U.S.C. § 1442(a). Pending before this Court is plaintiff's motion to remand (doc. no. [4]) and defendant's response thereto. For the reasons that follow, this Court will remand the case to the Court of Common Pleas of Washington County.

Because federal district courts have limited jurisdiction, the removal statutes are strictly construed against removal. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). All doubts as to substantive and procedural jurisdictional prerequisites must be resolved in favor of

remand.  Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985); Sterling Homes, Inc. v. Swope, 816 F. Supp. 319, 323 (M.D. Pa. 1993).  The removing defendant bears the heavy burden of persuading the Court to which the state action was removed that it has jurisdiction under the removal statutes.  Batoff, 977 F.2d at 851; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

Defendant alleges that removal of this action is pursuant to 28 U.S.C. § 1442(a), which states:

> A civil action . . . commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official capacity for any act under color of such office . . .

As the United States Court of Appeals for the Third Circuit stated in Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998):

> To establish removal jurisdiction under section 1442(a)(1), a defendant . . . must establish that (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office.

However, as plaintiff aptly points out, the complaint does not allege a cause of action for plaintiff's alleged exposure to asbestos during his time at the Shippingport Power Plant (the "plant") and it does not name the plant as a defendant or a party to this action.  Accordingly, the third and fourth elements of the test for removal under § 1442(a)(1) are not present here, as defendant has not established a colorable federal defense or that there is a causal nexus between the claims and the conduct performed under color of a federal office.  Simply put, plaintiff has a

right to prosecute his case and bring a claim seeking damages against only Duquesne Light for the period of his employment at that facility. Absent a claim or cause of action against the plant thus creating a federal defense, there is no basis for jurisdiction before this Court under 28 U.S.C. § 1442(a) . The Clerk of Court is directed to remand this case to the Court of Common Pleas of Washington County forthwith.

    SO ORDERED this 28st day of December, 2007.

    s/Arthur J. Schwab  
    Arthur J. Schwab  
    United States District Judge

cc: All Registered ECF Counsel and Parties